HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEVEN MICHAEL RINDAL, | Case No. 2:24-cv-01805-RAJ |
| Plaintiff, | ORDER |
| v. | |
| STATE OF WASHINGTON; ELIZABETH YOST NEIDZWSKI, in her official capacity; WASHINGTON STATE DEPARTMENT OF TRANSPORTATION in its official capacity as an executive agency of the State of Washington, | |
| Defendants. | |

## I. INTRODUCTION

THIS MATTER comes before the Court on Plaintiff Steven Michael Rindal's Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 60(b)(3) and (6), Dkt. # 39. The Court has reviewed the motion, the documents in support of and in opposition to the motion, and the balance of the record. For the reasons stated below, the Court **DENIES** Mr. Rindal's motion. However, the Court, *sua sponte*, **AMENDS** the order of dismissal as provided below.

ORDER - 1

## II.    PROCEDURAL HISTORY

The factual and procedural background of this case are set out in more detail in the Court's August 5, 2025 order. Dkt. # 33. In that order, the Court dismissed all of Mr. Rindal's claims with prejudice under the *Younger* abstention doctrine. *Id.* Mr. Rindal filed a motion for reconsideration, which the Court denied on August 25, 2025. Dkts. # 35, 36. Currently before the Court is Mr. Rindal's motion for relief from judgement. Dkt. # 39.

## III.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 60(b), courts may "relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; . . . or (6) any other reason that justifies relief." To prevail on a motion under Rule 60(b)(3), "the moving party must prove by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented the losing party from fully and fairly presenting the defense." *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1260 (9th Cir. 2004) (quoting *De Saracho v. Custom Food Machinery, Inc.*, 206 F.3d 874, 880 (9th Cir. 2000)). Rule 60(B)(3) requires that fraud "not be discoverable by due diligence before or during the proceedings." *Id.* (quoting *Pac. & Arctic Ry. And Navigation Co. v. United Transp. Union*, 952 F.2d 1144, 1148 (9th Cir. 1991)).

## IV.    DISCUSSION

### A.    Motion for Relief from Judgment

Mr. Rindal seeks relief from judgment based on many of the same arguments raised in his motion for reconsideration. Specifically, he appears to argue that Defendant Judge Neidzwski, who presided over the underlying state condemnation proceeding,

"ascended the bench without filing a required official bond, rendering her commission invalid." Dkt. # 42 at 1. He also appears to argue it was improper for Judge Neidzwski's counsel, Mr. Pendersen, to represent her in his case. *Id.*

Mr. Rindal fails to meet his burden for relief from judgment under Rule 60(b)(3) and (6). Mr. Rindal provides no evidence, much less "clear and convincing evidence," of an alleged fraud. Other than Mr. Rindal's assertions, there is no documentary evidence in the record showing Judge Neidzwski was not authorized to preside over his state court proceeding or that it was improper for Mr. Pendersen to appear as counsel in this case. Moreover, Mr. Rindal fails to explain how the alleged fraud is relevant to the Court's *Younger* analysis, and therefore how it prevented Mr. Rindal from "fully and fairly presenting the defense." Finally, Mr. Rindal fails to show the alleged fraud could not have been discovered earlier through diligence. Mr. Rindal states in his reply brief that Judge Neidzwski was elected to serve as a superior court judge in 2020. Dkt. # 42 at 4. He provides no non-conclusory reason why he did not discover the alleged issues with Judge Neidzwski's "official bond" or "ascension to the bench" sooner. Thus, Mr. Rindal fails to show the existence of fraud justifying relief under Rule 60(b)(3), and the Court does not find any other reason for relief under Rule 60(b)(6).

**B.     *Sua Sponte* Amendment of Dismissal Order**

"[D]ismissal based on *Younger* abstention is not a determination on the merits and should be without prejudice." *Crossett v. Idaho*, No. 23-35610, 2024 WL 3508511, at *1 (9th Cir. July 23, 2024). On the Court's own review of its August 5, 2025 order, it determined that Mr. Rindal's claims should have been dismissed without prejudice, rather than with prejudice.

//

//

ORDER - 3

## V. CONCLUSION

For the forgoing reasons, Mr. Rindal's Motion for Relief from Judgement, Dkt. # 39, is **DENIED**.

The Court, *sua sponte*, **AMENDS** its August 5, 2025 order, Dkt. # 33, to reflect that all claims in this action are dismissed without prejudice. All other aspects of the August 5, 2025 order and judgment shall remain unchanged.

Dated this 20th day of November, 2025.

The Honorable Richard A. Jones
United States District Judge